UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TYRONE JACKSON | * | CIVIL ACTION NO. 25-1432 |
|     Plaintiff | * | |
| | * | JUDGE GREG GUIDRY |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE |
| LT. CHARLES CREEL, ET AL | * | MICHAEL NORTH |
| | * | |
|     Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND JURY REQUEST

**NOW INTO COURT,** through undersigned counsel, come Defendants, Jules Herbert, Conner Holmes, and the State of Louisiana, through the Department of Public Safety and Corrections – Rayburn Correctional Center, who, reserving all defenses under FRCP 12(b), respond to Plaintiff's Petition for Damages/Use of Force, as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against any of these defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendants Herbert and Holmes are entitled to qualified immunity, including immunity from both suit and discovery, because the alleged excessive force claimed by Plaintiff was not an unreasonable use of force under the circumstances and was thus not a violation of Plaintiff's constitutional rights.

{01232925 - v1}

### THIRD AFFIRMATIVE DEFENSE

Defendant, the State of Louisiana, through the Department of Public Safety and Corrections – Rayburn Correctional Center, is not a "person" for purposes of liability under 42 U.S.C. § 1983 and thus cannot be liable under said statute for any violations of Plaintiff's constitutional rights by Defendants Herbert and Holmes under a theory of *respondeat superior*.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused solely by Plaintiff himself so as to preclude any recovery by Plaintiff herein.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused, at least in part, by Plaintiff's own intentional acts, comparative fault, and/or contributory negligence, so as to result in a proportionate reduction in any judgment which Plaintiff may ultimately recover.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, resulted from the independent, intervening, and superseding legal fault of third parties for whom Defendants are not responsible, such that said third party fault cannot be imputed to Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead all privileges, immunities, limitations, ceilings, and statutory caps on damages provided for and afforded by La. R.S. 13:5106, La. R.S. 13:5112, La. R.S. 9:2798.1, and any other relevant or applicable statutes, all in accordance with the Louisiana Constitution of 1974, Article 12, § 10.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants affirmatively plead the discretionary immunity afforded by La. R.S. 9:2798.1.

**NINTH AFFIRMATIVE DEFENSE**

Defendants affirmatively plead that Plaintiff has failed to mitigate his alleged damages.

AND NOW, answering the specific allegations contained in Plaintiff's Petition for Damages/Use of Force, Defendants respond as follows:

**1.**

**VENUE**

Defendants admit that venue properly lies in the current forum of the Eastern District of Louisiana.

**2.**

**JURISDICTION**

Defendants admit that the current forum of the Eastern District of Louisiana has jurisdiction over the subject matter of the instant litigation.

**3.**

**PARTIES**

Denied for lack of sufficient information.

**4.**

Defendants Herbert and Holmes admit that they are persons of the full age of majority domiciled in the State of Louisiana. Defendant State of Louisiana, through the Department of Public Safety and Corrections, admits that it is a constitutionally and statutorily created body with the power to sue and be sued and is the governing authority over the Rayburn Correctional Center.

**5.**

**GENERAL FACTS**

Denied for lack of sufficient information.

**6.**

Denied for lack of sufficient information.

**7.**

Denied for lack of sufficient information and as calling for a legal conclusion.

**8.**

Denied.

**9.**

Denied.

**10.**

Denied.

**11.**

Denied.

**12.**

Denied for lack of sufficient information.

**13.**

Denied.

**14.**

Denied.

**15.**

Denied.

**16.**

Denied.

**17.**

Denied for lack of sufficient information.

**18.**

Denied for lack of sufficient information.

**19.**

Denied.

**20.**

Denied.

**21.**

Denied.

**22.**

Denied.

**23.**

Denied as calling for a legal conclusion. Further answering, Defendants affirmatively plead that the referenced statute constitutes the best evidence of its own terms and contents.

**24.**

Denied as calling for a legal conclusion.

25.

## INJURIES

Denied.

26.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE

Denied.

27.

Denied as calling for a legal conclusion.

28.

## SECOND CLAIM FOR RELIEF
## RESPONDEAT SUPERIOR

Denied as calling for a legal conclusion.

29.

## THIRD CLAIM FOR RELEIF
## SECTION 1983 VIOLATION OF CIVIL RIGHTS

Denied as calling for a legal conclusion.

30.

Denied as calling for a legal conclusion. Further answering, Defendants affirmatively plead that the referenced statute constitutes the best evidence of its own terms and contents.

31.

Denied as calling for a legal conclusion.

32.

Denied.

**33.**

Denied.

**34.**

Denied.

**35.**

**FOURTH CLAIM FOR RELIEF**
**COSTS AND ATTORNEY FEES**

Denied as calling for a legal conclusion.

**36.**

**DAMAGES**

Denied.

**37.**

Denied.

**38.**

Defendants request trial by jury on all issues triable by jury under law.

WHEREFORE, Defendants, Jules Herbert, Conner Holmes, and the State of Louisiana, through the Department of Public Safety and Corrections – Rayburn Correctional Center, pray that this answer be deemed good and sufficient and that after due proceedings are had there be judgment entered in their favor, dismissing all claims asserted against them by Plaintiff, with prejudice, at Plaintiff's cost, for trial by jury, and for all general and equitable relief.

**Signature block on following page.**

Respectfully Submitted,

**LIZ MURRILL**
**ATTORNEY GENERAL**

By: */s/ Dennis J. Phayer*
**Dennis J. Phayer (10408)**
**Craig J. Canizaro (31086)**
Special Assistant Attorneys General
5213 Airline Drive
Metairie, Louisiana 70001-5602
Direct Dial Phone: (504) 836-0412
Telefax: (504) 287-0452
Email: dphayer@burglass.com
ccanizaro@burglass.com

## **CERTIFICATE OF SERVICE**

I certify that on July 22, 2025, I electronically filed the foregoing with the Clerk of Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing to all known counsel of record, including Plaintiff's counsel Donna U. Grodner at dgrodner@grodnerlaw.com.

*/s/ Dennis J. Phayer*
Dennis J. Phayer